Submitted on brief without argument Sept. 5, decided Sept. 12, 1911.

## JOHNSON *v.* PARSHLEY.

### [117 Pac. 661.]

BILLS AND NOTES—CANCELLATION OF INSTRUMENTS—WANT OF CONSIDERATION.

The seller of a restaurant and a lease of the premises was only a sub-lessee.   The purchaser in consideration of a future assignment gave notes to the seller to cover the deposit the seller had been required to advance on the lease.   The lease was not assigned, and the purchaser resold the restaurant.   *Held,* that as the lease prohibited sub-letting without the consent of the lessor, and as the seller had no assignable interest in the lease, the notes given should be canceled as without consideration, and their cancellation did not depend upon a rescission of the contract of sale or on placing defendants in *statu quo* as to the sale.

From Multnomah:   WILLIAM N. GATENS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by Ed. Johnson against A. W. Parshley, Ed. Kiesandahl, C. Leo G. Wo, The Dragon Restaurant Company, a corporation, Fred Olson, justice of the peace, and Lou Wagner, constable.   The facts are as follows:

On the 9th day of January, 1909, plaintiff purchased from defendant Dr. Wo the Dragon Restaurant, together

with the lease of the premises—149-151 Seventh Street, Portland, in which it was conducted—for the sum of $3,500, and went into possession thereof at that time. Defendants E. Kiesendahl and Parshley acted for Dr. Wo in negotiating the sale. Mrs. Hamilton was the owner of the premises, and on September 6, 1907, leased the same to Kiesendahl for a term ending April 1, 1911, On October 1, 1907, Kiesendahl sublet the same to the Dragon Restaurant Company for the balance of the term. Dr. Wo now claims to be the successor in interest to the Dragon Restaurant Company. By the sublease the lessee was required to deposit in advance $600, equal to three months' rent, to apply as the rental for the last three months of the lease. It was agreed in advance of the sale that, in case Johnson purchased the restaurant and secured a transfer of the lease, then he was to pay and return to the present owner of the Dragon Restaurant the $600. In completing the sale of the restaurant to Johnson, he gave six promissory notes of $100 each for the $600. The lease was not assigned to him, and, when sued on the notes, he commenced this suit to enjoin their collection, and also asked to have the sale rescinded, and he tendered back the property. Subsequently, but before the trial, he filed a supplemental complaint, alleging that he had sold the restaurant and asked to have that portion of the cause eliminated. Upon the trial of the case a decree was rendered in favor of plaintiff, adjudging the notes to be void and enjoining their collection. Defendants appeal.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Harry Yanckwich.*

There was no appearance for respondent.

Opinion by MR. CHIEF JUSTICE EAKIN.

On appeal the defendants present but two questions, viz.: (1) That by reason of respondent's sale of the

restaurant the appellants cannot be placed in *statu quo*. (2) A partial rescission of an entire contract cannot be had.

It was conceded throughout the trial that the original lease stipulated that Kiesendahl shall not sublet the premises without the consent of the owner, that he was a stockholder and a managing officer of the Dragon Restaurant Company, and that the sublease was consented to by Mrs. Hamilton for that reason, and Kiesendahl testified that he was authorized by Dr. Wo to sell the restaurant, and did participate in the negotiations for the sale, and on January 7, 1909, agreed in writing with Johnson, with a view of a sale to him of the restaurant, that he was the owner of the lease of the premises, and, as Johnson was desirous of buying the restaurant and having transferred the lease to him, he would aid him in making the purchase, and that "whereas, six hundred ($600.00) has been advanced by the present owner of the said Dragon Restaurant upon the lease for the last three (3) months of the said lease; and, now in case the said Johnson shall purchase the said restaurant, and have the lease transferred to him, then and in that event he agrees to pay and return to the present owner of the said Dragon Restaurant, the said six hundred ($600.00) dollars, upon the terms and conditions heretofore agreed upon." It was for this sum that Johnson gave the six promissory notes mentioned, and the whole negotiations were conducted and consummated upon the basis of this preliminary agreement. And it was understood between Johnson, Idleman, and defendant Parshley, acting for Dr. Wo, when ·the notes were delivered that Parshley would see that the lease would be transferred the next day. The lease was not transferred. Dr. Wo had no interest therein that was transferable by him, and it was only through Kiesendahl and Mrs. Hamilton that Johnson could acquire a right to the possession of

Sig. 15

the premises.    Therefore the notes were without consideration, and their cancellation does not depend upon a rescinding of the contract of sale, or that defendants shall be placed in *statu quo*.

The decree is affirmed.                    AFFIRMED.